MICHAEL D. DEMPSEY (State Bar No. 43310)
bruinlaw@dempseyjohnson.com
ARLENE M. TURINCHAK (State Bar No. 231762)
aturinchak@dempseyjohnson.com
DEMPSEY & JOHNSON P.C.
1880 Century Park East, Suite 516
Los Angeles, California 90067-1605
Telephone: (310) 551-2300
Facsimile:  (310) 551-2301

Attorneys for Defendant
Creative Age Communications, Inc.



FILED
CLERK, U.S. DISTRICT COURT
MAY 17 2012
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3081 MAIN STREET, LLC d/b/a NEW ENGLAND WINE AND SPIRITS, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CREATIVE AGE COMMUNICATIONS, INC., a corporation, and Does 1-10, inclusive,<br><br>Defendants. | CASE NO.: CV12-04284 DSF (PZx)<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE COURT:

Defendant Creative Age Communications, Inc. ("Communications") respectfully notifies the Court that, pursuant to 28 USC §§1332, 1441, 1446, and 1453, it has on this day removed the case captioned *3081 Main Street, LLC d/b/a New England Wine and Spirits,* Civil Action No. BC483799, from the Superior Court of California, Los Angeles County, to the United States District Court for the District of Central California. In support of the Notice of Removal, Communications states as follows:

## I. INTRODUCTION[1]

1. Pursuant to the requirements of 28 U.S.C. §1446(a), a copy of Plaintiff's "Class Action Complaint" in this case, together with "all process, pleadings, and orders served upon" Communications are attached as *Exhibit A*.

2. Plaintiff filed this purported class action against Communications on May 1, 2012. It is virtually identical to the class action that Plaintiff has been litigating in this Court captioned *3081 Main Street LLC, et al. v. Creative Age Publications, Inc.,* Case No. CV 11-9774-JFW (SHx). A copy of the Complaint in that case is attached as *Exhibit B*.

3. On March 27, 2012, Judge Walter denied Plaintiff's Motion for Class Certification in that case. In an attempt to circumvent that order, Plaintiff filed this subsequent action in state court. A copy of Judge Walter's ruling is attached as *Exhibit C*.

4. The only factual difference between the two cases is the corporate entity named as defendant. The corporate entity named in Judge Walter's case is Creative Age Publications, Inc. ("Publications"). The corporate entity named here is Communications. Publications and Communications are commonly owned, similarly

---

[1] For the purpose of this Removal Notice, Defendant sets forth the facts as Plaintiff describes them in the Complaint. Defendant denies the allegations of the Complaint and nothing herein is intended to be or should be construed as any admission or a waiver of any available defense.

1
**NOTICE OF REMOVAL**

named, but separately organized and managed companies.

5. In all other respects, the factual allegations in the two cases are identical. Both focus upon the same facsimile advertisement ("fax") that was mistakenly sent to Plaintiff on November 8, 2011.

6. In fact, Communications did not send the fax. Publications did -- as the fax plainly shows. (*Exhibit A,* Complaint (Ex. A thereto)) (stating "FROM: Creative Age Publications").

7. The distinction between Communications and Publications makes no difference to Plaintiff. Plaintiff views the two as "joint tortfeasors" with respect to the sending of faxes, according to the Notice of Related Case that Plaintiff filed in this action on May 1, 2012. A copy of that Notice is included in *Exhibit A.*

8. Based on similar allegations, Plaintiff moved to add Communications as a defendant in Judge Walter's case after he refused to certify the class; Publications opposed the motion. (Case No. CV 11-9774-JFW (SHx) (Doc. 35-37). Shortly thereafter, Plaintiff withdrew the motion. (*Id.*). Several days later, Plaintiff filed this action against Communications in state court.

9. Here, Plaintiff seeks to hold Communications (and unspecified "Doe" defendants) liable for thousands of faxes allegedly sent, without regard to whether the fax was sent by Communications or Publications, including the single fax that Plaintiff mistakenly received from Publications. (*Exhibit A,* Complaint ¶¶ 1, 3, 4, 8, 24, 28).

10. As the attached declaration establishes, Plaintiff actually controverts the sending of approximately 28,000 faxes- all the faxes sent by Publications. (*Exhibit D,* Decl., M. Rosiejka, ¶ 7e).

11. Judge Walter's class certification ruling likewise confirms this number of faxes is controverted by Plaintiffs. (*Exhibit C*).

12. In both cases, Plaintiff alleges that the faxes were sent "without [the]

express invitation or permission" of the recipients. (*Exhibit A*, Complaint ¶¶ 6, 7, 16a, 17a, 18, 19).

13. Based upon this allegation, Plaintiff alleges violation of the California Business and Professions Code §17538.43(b) and Connecticut General Statute §52-570c(a). (*Exhibit A*, Complaint ¶¶ 10-11).

14. For relief under the California statute, Plaintiff seeks actual or statutory damages of at least $500 per fax, tripled ($1,500), plus injunctive relief, attorney fees and costs. (*Exhibit A*, Complaint First and Second Claims, ¶¶ 17d, 23-29).

15. For relief under the Connecticut statute, Plaintiffs seeks actual or statutory damages of at least $500 per fax, plus injunctive relief, attorney fees and costs. (*Exhibit A*, Complaint Third and Fourth Claims, ¶¶ 17d, 30-35).

16. Plaintiff seeks this relief for itself and two proposed classes:

    a. Class A: All persons in the United States from three years prior to the date of the filing of the complaint through the present to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement advertising the commercial availability or quality of Defendant's property, goods, services, without obtaining those persons' express invitation or permission.

    b. Class B: All persons in the State of Connecticut to whom, from two years prior to the date of filing of the complaint to the present, Defendant sent or caused to be sent a facsimile advertisement advertising the commercial availability or quality of any property, goods, or services, without obtaining the persons' express invitation or permission. (*Exhibit A*, Complaint ¶13).

17. This Notice of Removal is timely filed under 28 U.S.C. §1446(b), because Communications was served the original complaint on May 2, 2012, and Communications filed this Notice or Removal within thirty (30) days of service.

18. Concurrent with filing this Notice of Removal, Communications is filing a Notice of Pendency of Other Action or Proceeding pursuant to the Local Rules of

3
**NOTICE OF REMOVAL**

S:\34512\002\Removal FINAL.doc

the United States District Court for the Central District of California, Rule 83-1.4, because this action involves "all or a material part of the subject matter of an action" now pending before this Court entitled, *3081 Main Street, LLC., v. Creative Age Publications, Inc.*, Civil Action no. CV11-09774-JFW. (*Exhibit E*)

## II. THE CLASS ACTION FAIRNESS ACT OF 2005

19. The Class Action Fairness Act of 2005 ("CAFA") was signed into law on February 18, 2005.

20. CAFA authorizes the removal of putative class actions "commenced" on or after February 18, 2005, if: (i) the amount in controversy exceeds $5 million in the aggregate; (ii) the citizenship of at least one member of the proposed class is diverse from any defendant; and (iii) the proposed class size is not less than 100. See 28 U.S.C. § 1332(d)(2)(A), d(5)(B), d(6), "note re: "Effective and Applicability Provisions – 2005 Acts"; Pub. L. 109-2, 199 Stat. 4, §9(2005).

### This is a Putative Class Action "Commenced" After February 18, 2005

21. For purposes of CAFA, an action is "commenced" when it is filed in state court.

22. Plaintiff filed this action in state court on or about May 1, 2012. (*Exhibit A*, Complaint).

23. Plaintiff prays for an order certifying this case as a "class action." (*Exhibit A*, Complaint).

24. This is a putative class action "commenced" after February 18, 2005.

### The Alleged Amount-in-Controversy Exceeds $5 Million

25. As already noted, Plaintiff controverts the sending of approximately 28,000 faxes, seeking $1,500 (under the California statute) or $500 (under the

4
NOTICE OF REMOVAL

Connecticut statute) per fax, plus injunctive relief, attorney fees and costs.

26. Conservatively assuming that all faxes are subject to the lesser asserted amount of $500, the jurisdictional minimum is easily satisfied: 28,000 x $500 = $14,000,000.

27. Even using a much lower number of faxes would satisfy the jurisdictional minimum at this lesser amount: 10,000 x $500 = $5,000,000.

28. These amounts do not include the trebling of damages and the additional award of attorney fees sought by Plaintiff, which also must be taken into account when determining the amount in controversy.

29. The jurisdictional minimum under CAFA is easily satisfied.

### The Citizenship of at Least One Putative Class Member and Communications is Diverse

30. Plaintiff is a citizen of Connecticut. (*Exhibit A*, Complaint ¶2)

31. Defendant is a California corporation having its principal place of business in California. (*Exhibit A*, Complaint ¶3).

32. CAFA's minimal diversity requirement is therefore satisfied. 28 U.S.C. §1332(d)(2)(A).

### The Alleged Class Size is Greater than 100

33. Plaintiff alleges that at least 2,000 persons received a challenged fax. (*Exhibit A*, Complaint ¶8).

34. The alleged putative class is thus sufficiently large pursuant to 28 U.S.C. §132(d)(5)(B).

### CAFA Authorizes Removal

35. In sum, CAFA authorizes removal of this case to federal court, because (i) Plaintiff's proposed class action "commenced" on or after February 18, 2005; (ii) the amount in controversy exceeds $5 million in the aggregate; (iii) there is diversity of citizenship; and (iv) the proposed class size exceeds 100.

## III. CONCLUSION

36.  For all the foregoing reasons, removal of this case to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

37.  Concurrent with the filing of this Notice of Removal, Communications is giving Plaintiff written notice of the filing of this Notice of Removal as is required by 28 U.S.C. §1446(d). A copy of the Notice is attached hereto as *Exhibit F*.

38.  Pursuant to the requirements of 28 U.S.C. § 1446(d), Communications is filing a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court. A copy of that Notice to the Clerk is attached hereto as *Exhibit G*.

39.  Removal to the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. §1141(a), because this forum embraces Los Angeles County, the place where this action is pending. 28 U.S.C. 101.

40.  Communications has given the undersigned attorneys authority to sign and file this Notice of Removal.

WHEREFORE, Communications removes to this Court the action captioned *3081 Main Street, LLC v. Creative Age Communications, Inc.*, Case No. BC483799, currently pending in the Superior Court of Los Angeles County.

DATED: May 16, 2012   DEMPSEY & JOHNSON P.C.

By: _____
MICHAEL D. DEMPSEY
ARLENE M. TURINCHAK
Attorneys for Defendant
Creative Age Communications, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV12- 4284 DSF (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| 3081 Main Street, LLC d/b/a/ New England Wine and Spirits on behalf of itself and all others similarly situated | Creative Age Communications, Inc., a corporation, and Does 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aytan Y. Bellin, Esq.<br>85 Miles Avenue<br>White Plains, NY 10606 | Michael D. Dempsey, Esq.<br>Dempsey & Johnson P.C.<br>1880 Century Park East, Suite 516<br>Los Angeles, CA 90067 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: CV12-04284

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV11-09774 JFW

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Conneticut |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeels | Conneticut |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_  Date 05/16/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |